# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| AMAZON.COM SERVICES LLC,<br><br>             Plaintiff,<br><br>   vs.<br><br>NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, and MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board,<br><br>             Defendants. | Civil Action No. _____<br><br><br><br>AMAZON'S COMPLAINT AND APPLICATION FOR DECLARATORY AND INJUNCTIVE RELIEF |

## AMAZON'S COMPLAINT AND APPLICATION FOR DECLARATORY AND INJUNCTIVE RELIEF

This action stems from an unlawful attempt by Defendants National Labor Relations Board ("Board" or "NLRB") and NLRB General Counsel Jennifer Abruzzo ("Abruzzo") to subject Plaintiff Amazon.com Services LLC ("Amazon") to unconstitutional administrative proceedings in NLRB Cases 29-CA-310869 and 29-RC-288020. Defendants NLRB Chairperson Lauren M. McFerran ("McFerran"), Board Member Marvin E. Kaplan ("Kaplan"), Board Member Gwynne A. Wilcox ("Wilcox"), and Board Member David M. Prouty ("Prouty") (McFerran, Kaplan, Wilcox, and Prouty, collectively, "Board Members") acted as prosecutors in authorizing an improper injunction to be brought against Amazon on the eve of a March 2022 NLRB election. The irregular litigation of that injunction interfered with the free and fair choice of the employee voters, and was the basis of Amazon's first objection filed challenging the election results.

Yet, the same Board Members, who acted as prosecutors authorizing that improper action earlier, later acted as judges just last week denying review of the very objection for which they were responsible.  Absent intervention of this Court, Defendants will again sit in judgment of a pending NLRB complaint against Amazon for refusing to bargain based on the improperly certified election results. This violates bedrock constitutional principles of separation of powers, denies Amazon due process, and ultimately robs employees of the right to vote in a free and fair election on the question of union representation. Moreover, Defendant Board Members occupy this improper simultaneous dual role of accuser and decider with impunity because they are unconstitutionally insulated from removal from office by the President—a constitutional infirmity recently recognized by this Court and another in this Circuit in enjoining similar NLRB proceedings. Finally, Defendant Abruzzo seeks compensatory financial remedies in her case against Amazon, which are neither authorized by statute nor permitted by the Seventh Amendment absent a jury trial.

Amazon files this action to avoid serious and irreparable harm that it will otherwise suffer from being subjected to unconstitutional administrative proceedings. Because the structure of the proceedings in NLRB Cases 29-CA-310869 and 29-RC-288020 violate the United States Constitution under Supreme Court and Fifth Circuit precedent, Amazon respectfully brings this action for declaratory and injunctive relief and states as follows:

## **INTRODUCTION**

1.    Amazon brings this suit for temporary, preliminary, and permanent declaratory and injunctive relief against Defendants because Defendants are presently pursuing unconstitutional administrative proceedings against Amazon in NLRB Cases 29-CA-310869 and 29-RC-288020, the structure of which violate Article II of the Constitution of the United States.

2.      Amazon will be able to demonstrate that it is entitled to injunctive and declaratory relief.

3.      First, Amazon is likely to succeed on the merits of its constitutional claims that (1) the NLRB's Board Members are unconstitutionally insulated from removal in contravention of Article II of the Constitution, (2) the structure of the NLRB violates the constitutionally mandated separation of powers and Amazon's due process rights, and (3) the Board seeks to adjudicate private rights without a jury trial in violation of the Seventh Amendment of the Constitution.

4.      Second, Amazon will show it is likely to suffer both economic and constitutional harms, absent declaratory and injunctive relief, because it will be compelled to undergo unconstitutional proceedings before insufficiently accountable agency officials.

5.      Third, Amazon will demonstrate that the balance of equities tips in its favor because it stands to be stripped of its constitutional rights while Defendants stand to lose nothing.

6.      Fourth, Amazon will demonstrate there is an unquestioned public interest in ensuring that federal agencies comply with the requirements imposed by the Constitution and in establishing constitutionally legitimate administrative proceedings.

7.      Because Amazon is likely to succeed on the merits, this Court should stay or enjoin these unconstitutional administrative proceedings—after which Amazon is unlikely to have a chance to secure meaningful relief—and temporarily and permanently enjoin the NLRB and its General Counsel from pursuing such proceedings.

## JURISDICTION AND VENUE

8.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Amazon's claims arise under the Constitution of the United States. It alleges that certain aspects of the NLRB's structure violate the Constitution. *See Axon Enter., Inc. v. FTC*, 598 U.S.

175 (2023) (holding statutory review schemes do not displace district court's federal question jurisdiction to adjudicate corporation's constitutional challenge to administrative agency).

9.      This Court has authority to grant declaratory and injunctive relief under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under the Court's inherent equitable powers.

10.      Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B) because Defendants are officers of an agency of the United States acting in their official capacity, and the administrative proceeding styled as NLRB Case 29-RC-288020—whose constitutionality Amazon is challenging in this case and which is necessarily connected to related NLRB Case 29-CA-310869—was subject to processing in Region 28 of the NLRB, which covers western portions of the State of Texas that are within this District. Additionally, several purported "bargaining unit" employees who worked at the Amazon facility that is the subject of NLRB Case 29-RC-288020 between March 2022 and the present have transferred to Amazon facilities located within this District. Consequently, the remedy sought by Defendant Abruzzo in Case 29-CA-310869 would be required to be partially performed by Amazon in this District. Specifically, Defendant Abruzzo argues in Case 29-CA-310869 that the Board should "adopt a compensatory make-whole remedy…and order Respondent to make the employees at issue here whole for the lost opportunity to engage in collective bargaining…." *See Amazon.com Services LLC and Amazon Labor Union*, Case No. 29-CA-310869, General Counsel's Motion to Transfer Case to the Board and Motion for Summary Judgment at 9-10. Finally, this action challenges an administrative proceeding that seeks a broadly-described remedy against Amazon and its supervisory personnel, including aspects that the General Counsel might improperly seek to enforce across all Amazon facilities, including the approximately 40 facilities Amazon operates within this District. Thus, a substantial part of the

events giving rise to the claim occurred in or implicate geographic locations within the Western District of Texas.

## PARTIES

11.     Amazon is a is a limited liability company duly organized and existing under the laws of the State of Delaware. Amazon's principal place of business is in Seattle, Washington.

12.     Defendant NLRB is an administrative agency of the United States, headquartered in Washington, D.C. The NLRB enforces the National Labor Relations Act ("NLRA"). Under the NLRA, the NLRB is "empowered…to prevent any person from engaging in any unfair labor practice." *See* 29 U.S.C. § 160.

13.     Defendant Abruzzo is the General Counsel of the NLRB. She is sued in her official capacity.

14.     Defendant McFerran is Chairman of the NLRB. She is sued in her official capacity.

15.     Defendant Kaplan is a Member of the NLRB. He is sued in his official capacity.

16.     Defendant Wilcox is a Member of the NLRB. She is sued in her official capacity.

17.     Defendant Prouty is a Member of the NLRB. He is sued in his official capacity.

## FACTS

18.     The NLRB is currently pursuing two related administrative proceedings against Amazon: NLRB Case 29-RC-288020 and NLRB Case 29-CA-310869.

19.     On December 22, 2021, the Amazon Labor Union ("ALU") filed a Petition seeking to represent a bargaining unit of hourly employees working at Amazon's JFK8 Fulfillment Center in Staten Island, New York ("JFK8" or the "JFK8 Facility") (Case 29-RC-288020). Pursuant to a stipulated election agreement, a manual election was conducted at JFK8 on March 25, 26, 28, 29, and 30, 2022. The election was supervised by officials from Region 29 of the NLRB, based in

Brooklyn, NY. The April 1, 2022 tally of ballots recorded that, out of 8,325 eligible voters, 2,654 ballots were cast for the ALU, and 2,131 ballots were cast against the ALU.

20.    On April 8, 2022, Amazon timely filed 25 Objections to the Results of the Election ("Objections") and an accompanying Offer of Proof. The Objections alleged that both the ALU and NLRB Region 29 acted inappropriately in a variety of respects and interfered with the conditions necessary for holding a free and fair election under the NLRA.

21.    Relevant here, the Objections specifically included an allegation that the Region 29 Regional Director departed from NLRB practice and written guidance when she initiated litigation in the U.S. District Court for the Eastern District of New York seeking a preliminary injunction under Section 10(j) of the National Labor Relations Act against Amazon for its alleged unlawful termination of an employee who worked at JFK8. The Region 29 Regional Director delayed initiating the case for over 18 months, waiting until the eve of the election in 29-CA-288020, to file suit.[1] Amazon had terminated this employee in May 2020 for a profane, misogynist verbal assault of a female co-worker over a bullhorn and social media livestream in front of the workplace. The employee had filed an unfair labor practice charge on or around June 17, 2020, and NLRB Region 29 issued a complaint against Amazon on December 22, 2020. Yet, the Region 29 Regional Director did not seek a Section 10(j) injunction until 23 months after the employee was discharged, 18 months after the charge was filed, and 14 months after the complaint was issued. The Board's own website states that 10(j) injunctions are "temporary injunctions…needed to protect…employee rights under the Act…." Filing just days before the union election in NLRB Case 29-RC-288020, after such an extraordinary amount of time, was intentionally timed to improperly influence the election, creating the impression of Board assistance or support for the

---

[1] *See* 10(j) Manual, Sec. 5.5. ("The Region must file the 10(j) petition within 48 hours after notice by the [Injunction Branch] that the Board has authorized the use of 10(j) relief.").

ALU. *See Amazon.com Services LLC, and Amazon Labor Union*, Case No. 29-RC-288020, Amazon.com Services LLC's Objections to the Results of the Election, at 3-4 (Objection #1). Amazon requested that the NLRB invalidate the election results and order a second election at JFK8 free from unlawful interference.

22.     In addition to Objection #1 described above, many of Amazon's other Objections were directed against the manner in which Region 29 conducted the election. Consequently, Amazon moved to transfer its Objections to a different Region.  On April 14, 2022, Defendant Abruzzo chose Region 28 and transferred the case there for further processing of Amazon's Objections.

23.     NLRB Region 28's enforcement jurisdiction includes El Paso, Culberson, and Hudspeth, counties within the Western District of Texas.

24.     On April 29, 2022, the Region 28 Regional Director issued an Order Directing Hearing and Notice of Hearing on Objections, setting all 25 of Amazon's Objections for Hearing.

25.     The Hearing on Amazon's Objections was held before a Hearing Officer appointed by the Region 28 Regional Director. The Hearing Officer is employed by the NLRB and at the time of the Hearing, worked in Region 28. The Hearing took place over 24 business days between June 13 and July 18, 2022. On September 1, 2022, the Hearing Officer issued her Report on Objections, in which she recommended that the Region 28 Regional Director overrule all of Amazon's Objections. On September 23, 2022, Amazon timely filed 893 Exceptions to the Hearing Officer's Report, along with a supporting brief.

26.     On January 11, 2023, the Region 28 Regional Director issued a Decision and Certification of Representative, affirming the Hearing Officer's Report on Objections in all relevant respects. He also certified the ALU as bargaining representative of the Company's hourly

employees at JFK8. On February 9, 2023, Amazon filed a Request for Review with the NLRB challenging the Region 28 Regional Director's Decision and Certification of Representative.

27.    The NLRB issued a decision denying Amazon's Request for Review in Case 29-RC-288020 on August 29, 2024. Because Amazon is alleging that the ALU's and NLRB Region 29's objectionable conduct interfered with the election at JFK8, Amazon denies that the ALU should have been certified by the Region 28 Regional Director as the exclusive collective-bargaining representative of any employee at the JFK8 Facility.

28.    However, due to the peculiar nature of the structure of the NLRA, Amazon has no direct right to judicial review of NLRB decisions in representation proceedings, or "R-Cases" as they are colloquially referred to by labor practitioners. The U.S. Courts of Appeals only have subject matter jurisdiction over NLRB orders arising out of unfair labor practice cases, or "C-Cases" as they are colloquially referred to by labor practitioners.

29.    Accordingly, Amazon cannot "appeal" the NLRB's decision in Case 29-RC-288020 to federal court. In order to obtain judicial review of Region 28's and the NLRB's handling of its Objections, it must engage in a "technical" refusal to bargain with the ALU in order to "draw" an unfair labor practice allegation for unlawfully refusing to bargain under Section 8(a)(5) of the NLRA. After the NLRB has found against Amazon in such a proceeding, it may obtain judicial review of that finding in the appropriate U.S. Court of Appeals. In that proceeding, commonly referred to as a "test of certification," the Court of Appeals may review not only the "C-Case" record, but may also review the "R-Case" record, given that Amazon's primary argument in such a case would be that the NLRB erred in overturning its Objections and upholding the Region 28 Regional Director's certification of the ALU.

30.     This technical process is already playing itself out in Case 29-CA-310869. While the processing of Case 29-RC-288020 was ongoing, the ALU demanded that Amazon recognize and bargain with it, notwithstanding the Company's Objections. On or about April 2, 2022, the ALU requested that Amazon bargain collectively with the ALU as representative of the employees at JFK8.

31.     Following its April 2, 2022 demand for bargaining, the ALU filed an unfair labor practice charge with Region 29 of the NLRB alleging that Amazon unlawfully refused to recognize or bargain with the Union as exclusive bargaining representative of the hourly employees at JFK8. (Case 29-CA-310869).

32.     On July 12, 2023, the Regional Director of Region 29 of the NLRB issued a Complaint in NLRB Case 29-CA-310869, alleging that Amazon unlawfully refused to bargain collectively with the ALU as the exclusive collective-bargaining representative of hourly employees at the JFK8 Facility.

33.     On August 23, 2023, Defendant Abruzzo filed a Motion to Transfer Case 29-CA-310869 to the NLRB and for Summary Judgment. The same day, the NLRB issued an order transferring Case 29-CA-310869 to itself, and issued to Amazon a Notice to Show Cause why the General Counsel's motion should not be granted. In its Motion for Summary Judgment, Defendant Abruzzo alleges that the ALU was validly declared the winner of the JFK8 election and that, by electing to pursue its Objections in Case 29-RC-288020 and choosing not to bargain with the ALU until those challenges are adjudicated, Amazon has violated the NLRA. Defendant Abruzzo seeks an Order from the NLRB granting her Motion for Summary Judgment, finding that Amazon has violated Section 8(a)(5) of the NLRA, and directing Amazon to recognize and bargain with the ALU as exclusive representative of the hourly employees at JFK8. Defendant Abruzzo also seeks

consequential damages of an unspecified amount against Amazon as a make-whole remedy for certain Amazon employees. *See Amazon.com Services LLC and Amazon Labor Union*, Case No. 29-CA-310869, General Counsel's Motion to Transfer Case to the Board and Motion for Summary Judgment at 9-10 (General Counsel requesting that the Board award "a compensatory make-whole remedy…and order [Amazon] to make the employees at issue here whole for the lost opportunity to engage in collective bargaining…."

34.     On September 14, 2023, Amazon filed an Opposition to the General Counsel's Motion for Summary Judgment, Response to the Board's Notice to Show Cause, and Cross Motion for Summary Judgment. Amazon argued, among other things, that the NLRB could not resolve certain issues relevant to Amazon's and the General Counsel's respective motions unless and until the NLRB ruled on Amazon's Request for Review in Case 29-RC-288020.

35.     Now that the NLRB has denied Amazon's Request for Review in Case 29-RC-288020, Amazon anticipates that the NLRB will issue an order in Case 29-CA-310869 granting the General Counsel's Motion for Summary Judgment in the imminent future.

36.     Demonstrating that the NLRB's issuance of an order is imminent with respect to the General Counsel's Motion for Summary Judgment, the NLRB issued another Notice to Show Cause on August 30, 2024, the day after the Board issued its decision in 29-RC-288020. The Board's August 30, 2024 Notice to Show Cause permits Amazon and/or the General Counsel to file new or supplemental responses to the Notice to Show Cause the NLRB issued on August 24, 2023 arguing why Defendant Abruzzo's Motion for Summary Judgment should not be granted.

37.     Amazon also anticipates that any day now the NLRB Members may once again be asked by Defendant Abruzzo to unconstitutionally authorize pursuit of a Section 10(j) injunction

in Case 29-CA-310869, forcing Amazon to recognize and bargain with the ALU, given that case now sits before them for adjudication.

## CAUSES OF ACTION

### COUNT I – BOARD MEMBERS ARE INSULATED FROM REMOVAL IN VIOLATION OF ARTICLE II OF THE CONSTITUTION

38.     Amazon incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

39.     Article II of the Constitution states that the President must "take care that the Laws be faithfully executed." U.S. Const. art. II, § 3.

40.     Article II's Appointments Clause provides the President authority to appoint officers and inferior officers of the United States. *See* U.S. Const. art. II, § 2.

41.     The President has the power to appoint Board Members. The NLRB consists of five Board Members.[2] With the advice and consent of the Senate, the President appoints these Board Members to staggered, five-year terms. The President designates one Board Member to serve as the Chairman. *See* 29 U.S.C. § 153(a).

42.     However, the NLRA limits the President's executive authority to remove Board Members. The President may only remove Board Members "upon notice and hearing, for neglect of duty or malfeasance in office, but for no other cause." *Id.*

43.     The President does not have the power to remove Board Members for other causes, such as inefficiency—an unconstitutional limit on the President's power. *Id.*

44.     Two exceptions to the President's removal power exist: "one for multimember expert agencies that do not wield substantial executive power, and one for inferior officers with

---

[2] Currently, the Board only has four sitting Board Members.

limited duties and no policymaking or administrative authority." *Seila Law LLC v. CFPB*, 591 U.S. 197, 218 (2020); *see also Humphrey's Executor v. U.S.*, 295 U.S. 602 (1935).

45.     These exceptions do not apply here because Board Members "wield substantial executive power." *Seila Law*, 591 U.S. at 218; *Space Expl. Techs. Corp. v. NLRB*, No. W-24-CV-00203-ADA, 2024 WL 3512082, at *3 (W.D. Tex. July 23, 2024) ("NLRB members clearly wield substantial executive power through their administrative, policymaking, and prosecutorial authority.").

46.     The Board exerts executive authority in multiple ways. The Board has power to appoint the "executive secretary, and such attorneys, examiners, and regional directors, and other such employees as it may…find necessary for the proper performance of its duties." 29 U.S.C. § 154.

47.     The Board also has the executive power to prevent any person from engaging in an unfair labor practice, issue subpoenas, engage in rulemaking, conduct union representation elections, adjudicate representation election disputes, and exercise prosecutorial power in federal district courts. *See* 29 U.S.C. §§ 156, 160.

48.     The Supreme Court has made clear that even when "the activities of administrative agencies take legislative and judicial forms, they are exercises of—indeed, under our constitutional structure they must be exercises of—the executive Power." *Seila Law LLC*, 591 U.S. at 216, n. 2 (omitting internal quotations).

49.     But for these unlawful removal restrictions, Board Members would be subject to removal by the President.

50.    Being subject to illegitimate proceedings led by an illegitimate decisionmaker is a "here-and-now-injury" ripe for judicial intervention. *Axon Enter*, 598 U.S. at 191; *Energy Transfer, LP v. NLRB.*, No. 3:24-CV-198, 2024 WL 3571494, at *3-4 (S.D. Tex. July 29, 2024).

51.    Amazon is "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which [Amazon is] subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enter. Fund v. PCAOB*, 561 U.S. 477, 513 (2010).

52.    Without interim injunctive relief, Amazon will be required to undergo an unconstitutional proceeding before an illegitimate decisionmaker.

53.    Amazon bears a strong likelihood of success on the merits for the reasons articulated above. *Energy Transfer*, 2024 WL 3571494, at *4-5; *Space Expl*, 2024 WL 3512082, at *7.

54.    If the NLRB is not enjoined from proceeding against Amazon in the referenced administrative proceedings, Amazon will be irreparably harmed because it will have endured proceedings led by Board Members who are unconstitutionally insulated from removal by the President. *Energy Transfer*, 2024 WL 3571494, at *4-5; *Space Expl*, 2024 WL 3512082, at *6.

55.    The balance of equities tip in Amazon's favor because, should the NLRB proceedings go forward, Amazon will lose its right to undergo constitutional proceedings, an "injury…impossible to remedy once the proceeding is over," and "judicial review of [its] structural constitutional claims would thus come too late to be meaningful." *Axon Enter.*, 598 U.S. at 191; *see also Energy Transfer*, 2024 WL 3571494, at *5; *Space Expl*, 2024 WL 3512082, at *6-7.

56.    It is in the public interest to remedy the unconstitutional removal procedures here in order to protect Americans' constitutional rights.

**COUNT II – THE BOARD SEEKS TO ADJUDICATE PRIVATE RIGHTS WITHOUT A JURY TRIAL IN VIOLATION OF THE SEVENTH AMENDMENT TO THE CONSTITUTION**

57.    Amazon incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

58.    The Seventh Amendment protects the right to trial by jury. It provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII.

59.    The Supreme Court interprets "'Suits at common law' to include all actions akin to those brought at common law as those actions were understood at the time of the Seventh Amendment's adoption." *Jarkesy v. SEC*, 34 F.4th 446, 452 (5th Cir. 2022) (citing *Tull v. United States*, 481 U.S. 412, 417 (1987)). The Supreme Court has noted that the Seventh Amendment "embrace[s] all suits which are not of equity or admiralty jurisdiction, whatever may be the peculiar form which they may assume." *SEC v. Jarkesy*, 144 S. Ct. 2117, 2128 (2024) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447 (1830)).

60.    "The term can include suits brought under a statute as long as the suit seeks common-law-like legal remedies." *Jarkesy v. SEC*, 34 F.4th at 452.

61.    In other words, Amazon is entitled to a jury trial if its adversary seeks *legal* relief against it. As the United States Supreme Court held in *SEC v. Jarkesy*, "it is well established that common law claims must be heard by a jury." 144 S. Ct. at 2127. Moreover, "[o]nce such a suit 'is brought within the bounds of federal jurisdiction,' an Article III court must decide it with a jury if the Seventh Amendment applies." *Id*. at 2131 (quoting *Stern v. Marshall*, 564 U.S. at 484).

62.    "Compensatory damages," or "monetary relief for all losses…sustained as a result of the alleged breach of…duties" are "the classic form of legal relief." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993) (emphasis omitted).

63.    The NLRA does not provide for compensatory damages. It authorizes the Board to remedy unfair labor practices through an "order requiring [the] person to cease and desist from such unfair labor practice, and to take…affirmative action including reinstatement of employees with or without back pay." 29 U.S.C. § 160(c).

64.    The statute authorizes *equitable* relief. The statute does not authorize *legal* relief—such as compensatory damages.

65.    Despite this clear language, the Board recently authorized Defendant Abruzzo and her prosecutors to seek consequential or "compensatory" damages in C-Cases. *See Thryv, Inc.*, 372 NLRB No. 22 at 9.

66.    According to the Board, these damages may include "interest and late fees on credit cards"; "credit card debt"; "early withdrawals from [a] retirement account"; compensation for the loss of a "car or [] home," if the discriminatee is unable to make loan or mortgage payments; "increased transportation or childcare costs"; or "out-of-pocket medical expenses." *Id.* at 15.

67.    In an attempt to distance itself from the word "consequential" and avoid finding itself in violation of the Seventh Amendment, the Board explained:

> [W]e stress today that the Board is not instituting a policy or practice of awarding consequential damages, a legal term of art more suited for the common law of torts and contracts. Instead, we ground our decision in the make-whole principles of Section 10(c) of the Act…and our affirmative duty to rectify the harms caused by a respondent's unfair labor practice by attempting to restore the employee to the situation they would have been in but for that unlawful conduct.

*Id*. at 14.

68.     Read differently, the Board authorized legal relief by calling it equitable relief so as to manipulate its authority.

69.     The Fifth Circuit saw through the veil.  It recently referred to NLRB remedies requiring "losses incurred as a direct or foreseeable result of" the alleged unlawful action as "draconian steps" and "novel, *consequential*-damages-like labor law remed[ies]." *See Thryv, Inc. v. NLRB.*, 102 F.4th at 733, 737 (5th Cir. 2024).

70.     Here, in its Complaint in the underlying administrative matter, NLRB Case 29-CA-310869, Defendant Abruzzo seeks consequential damages of an unspecified amount against Amazon as a make-whole remedy for certain Amazon employees. *See Amazon.com Services LLC and Amazon Labor Union*, Case No. 29-CA-310869, General Counsel's Motion to Transfer Case to the Board and Motion for Summary Judgment at 9-10 (General Counsel requesting that the Board award "a compensatory make-whole remedy…and order [Amazon] to make the employees at issue here whole for the lost opportunity to engage in collective bargaining.)"

71.     The fact that the underlying Complaint also seeks equitable relief does not strip Amazon of its jury-trial right. *See Jarkesy v. SEC*, 34 F.4th at 454 ("The Seventh Amendment applies to proceedings that involve a mix of legal and equitable claims.").

72.     Being subject to illegitimate proceedings led by an illegitimate decisionmaker is a "here-and-now-injury" ripe for judicial intervention. *Axon Enter., Inc.*, 598 U.S. at 191; *Energy Transfer*, 2024 WL 3571494, at *3-4.

73.     Amazon is entitled to declaratory relief to ensure that it may have the opportunity to present its case against consequential damages to a jury of its peers.

74.     Without interim injunctive relief, Amazon may be ordered to pay damages without the appropriate safeguards a jury provides.

75.    Amazon bears a strong likelihood of success on the merits for the reasons articulated above.

76.    If the NLRB is not enjoined from proceeding against Amazon in the related administrative proceedings, Amazon will be irreparably harmed because it may be forced to pay damages that are not permitted to be determined in a non-Article III court setting.

77.    The balance of equities tips in Amazon's favor because it stands to suffer both economic and constitutional harms while Defendants stand to lose nothing.

78.    It is in the public interest to remedy the Board's unconstitutional method of recovering damages from employers.

## COUNT III – THE BOARD'S WIELDING OF EXECUTIVE, LEGISLATIVE, AND JUDICIAL AUTHORITY AND POWER VIOLATES THE SEPARATION OF POWERS REQUIRED BY THE CONSTITUTION

79.    Amazon incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

80.    Under "the basic concept of the separation of powers…that flows from the scheme of a tripartite government adopted in the Constitution, the judicial Power of the United States…can no more be shared with another branch than the Chief Executive…can share with the Judiciary the veto power." *Stern v. Marshall*, 564 U.S. 462, 483 (2011) (citing *United States v. Nixon*, 418 U.S. 683, 704 (1974)) (internal citations omitted).

81.    In this vein, the Defendant NLRB Members who would decide NLRB Case 29-CA-310869 previously voted to authorize Section 10(j) relief in the instance referred to in Paragraph 21 of this Complaint. *See Drew-King v. Amazon.com Services LLC.*, E.D.N.Y., No. 22-01479.

82.    The prosecution of that Section 10(j) proceeding was timely raised by Amazon in its Objections to the JFK8 election at issue in 29-RC-288020. *See Amazon.com Services LLC, and*

*Amazon Labor Union*, Case No. 29-RC-288020, Amazon.com Services LLC's Objections to the Results of the Election, at 3-4 (Objection #1).

83.    Two of the NLRB Members who authorized the objectionable Section 10(j) prosecution subsequently ruled on the request for review of Amazon's Objections in 29-RC-288020, and all three NLRB Members who authorized the objectionable Section 10(j) prosecution are currently serving on the Board that Defendant Abruzzo asks to rule on the complaint in 29-CA-310869, causing the Board to act as both prosecutor and adjudicator of Amazon's Objections and consequent refusal to bargain.

84.    "An unconstitutional potential for bias exists when the same person serves as both accuser and adjudicator in a case." *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016).

85.    Being subject to illegitimate proceedings led by an illegitimate decisionmaker is a "here-and-now-injury" ripe for judicial intervention. *Axon Enter., Inc.*, 598 U.S. at 191; *Energy Transfer*, 2024 WL 3571494, at *3-4.

86.    Similarly and as described in detail in Court II above, the Board recently took both an adjudicatory and legislative role when it expanded its authority to award damages under the NLRA and made itself the body determining the amount of that award. *See Thryv, Inc.*, 372 NLRB No. 22 at 9 (Dec. 13, 2022).

87.    In the Complaint in the underlying administrative matter, NLRB Case 29-CA-310869, Defendant Abruzzo seeks consequential damages of an unspecified amount against Amazon as a make-whole remedy for certain Amazon employees.

88.    The ability to determine the appropriate amount of legal relief belongs to a jury, the function of the judiciary, not the executive.

89.     By determining the amount of direct and foreseeable pecuniary and consequential damages in Amazon's administrative proceeding, Defendants, as executives, act as the judiciary.

90.     In its decision in *Thryv, Inc*., which Defendant Abruzzo seeks to apply to Plaintiff in NLRB Case 29-CA-310869, the Board also acted in a quasi-legislative role when it articulated a new interpretation of Section 10(c) of the Act, which expressly authorizes the Board to issue an "order requiring [the] person to cease and desist from such unfair labor practice, and to take…affirmative action including reinstatement of employees with or without back pay," and no other remedies. 29 U.S.C. § 160(c).

91.     By promulgating this new remedy, the Board essentially created its own rule and its own method of determining that remedy, exercising all three powers at once.

92.     Amazon is entitled to declaratory relief to ensure that its due process rights are not violated.

93.     Without interim injunctive relief, Amazon will be required to undergo an unconstitutional proceeding before an illegitimate decisionmaker.

94.     Amazon bears a strong likelihood of success on the merits for the reasons articulated above. *Energy Transfer*, 2024 WL 3571494, at *4-5; *Space Expl*, 2024 WL 3512082, at *7.

95.     If the NLRB is not enjoined from proceeding against Amazon in the referenced administrative proceedings, Amazon will be irreparably harmed because it will have endured proceedings led by individuals who serve as executives, legislators, and judges in violation of the separation of powers. *Energy Transfer*, 2024 WL 3571494, at *4-5; *Space Expl*, 2024 WL 3512082, at *7.

96.     The balance of equities tips in Amazon's favor because, should the NLRB proceedings go forward, Amazon will lose its right to undergo constitutional proceedings, an injury "impossible to remedy once the proceeding is over," and "judicial review of [its] structural constitutional claims would thus come too late to be meaningful." *Axon Enter., Inc.*, 598 U.S. at 191; *see also Energy Transfer*, 2024 WL 3571494, at *5; *Space Expl*, 2024 WL 3512082, at *6-7.

97.     It is in the public interest to remedy the unconstitutional procedures here in order to protect Americans' constitutional rights.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTION

98.     Amazon incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

99.     Amazon's Application for Temporary Restraining Order and Preliminary and Permanent Injunction is authorized by Federal Rule of Civil Procedure 65.

100.     Amazon pleads for permanent relief and will likely prevail against and recover from Defendants after a trial on the merits, with respect to one or more, if not all, of the causes of action Amazon asserts in this Complaint. In the meantime, and as a result of Defendants' conduct, Amazon has suffered, and will continue to suffer, substantial, immediate, and irreparable damage and harm, including harm that is not readily quantifiable and cannot be fully remedied or repaired through an award of damages, if Amazon's request for a temporary restraining order and preliminary injunction is denied. Amazon has no other adequate legal remedy, and its need for a temporary restraining order is imminent and dire because the NLRB may issue an order in NLRB Case 29-CA-310869 any time on or after September 13, 2024; or, in the alternative, its Members could once again unconstitutionally exercise prosecutorial functions by authorizing pursuit of a Section 10(j) injunction in the case already before them for adjudication on the merits.

101.    Specifically, Amazon requests the Court issue an immediate temporary restraining order, set a hearing for a preliminary injunction, and, after a properly noticed hearing, issue a preliminary injunction, and ultimately a permanent injunction, that orders and directs Defendants to immediately cease and desist from pursuing the unconstitutionally structured administrative proceedings against Amazon that are referenced in this Complaint, or otherwise implementing or carrying out the unconstitutional removal-protection provisions identified in this Complaint.

102.    Amazon further requests that Defendants be cited to appear and show cause as to why a preliminary injunction should not be issued enjoining them during the pendency of this action from the activities and conduct described in this Complaint.

## **REQUEST FOR RELIEF**

WHEREFORE, Amazon respectfully requests that the Court issue a citation to Defendants to appear and answer and order the following relief and enter judgment:

1.   Declaring that:

   a.   The statutes, regulatory provisions, guidance, and/or policies restricting the removal of NLRB Members, including 29 U.S.C. § 153(a), are unconstitutional;

   b.   The NLRB proceedings against Amazon deprive it of its constitutional right to a trial by jury.

2.    Temporarily restraining and preliminarily and permanently enjoining Defendants from subjecting Amazon to unconstitutionally structured administrative proceedings, pending the final resolution of this action;

3.    Temporarily restraining and preliminarily and permanently enjoining Defendants from implementing or carrying out the unconstitutional removal-protection provisions identified above;

4.      Temporarily restraining and preliminarily and permanently enjoining Defendants from unconstitutionally adjudicating private rights without a jury trial;

5.      Awarding Amazon its costs and expenses incurred in bringing this action, including but not limited to, reasonable attorneys' fees; and

6.      Awarding such other and further relief, whether at law or in equity, as the Court deems just and proper.

Dated: September 5, 2024                    Respectfully submitted,

**HUNTON ANDREWS KURTH LLP**

s/Amber M. Rogers
Amber M. Rogers
TX State Bar No. 24056224
arogers@huntonak.com
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Telephone: 214-979-3000

Kurt G. Larkin
*Pro hac vice forthcoming*
klarkin@huntonak.com
Riverfront Plaza, East Tower
951 East Byrd Street, Suite 700
Richmond, VA 23219
Telephone: 804-788-8200

**ATTORNEYS FOR AMAZON.COM SERVICES LLC**