# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| AMAZON.COM SERVICES LLC, | Civil Action No. 5:24-cv-01000 |
| Plaintiff, | |
| vs. | |
| NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, and MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, | |
| Defendants. | |

## PLAINTIFF AMAZON.COM SERVICES LLC'S NOTICE OF APPEAL

PLEASE TAKE NOTICE that Plaintiff Amazon.com Services LLC ("Amazon"), by counsel, hereby appeals to the United States Court of Appeals for the Fifth Circuit from the Court's constructive denial of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 10) filed on September 10, 2024.

The Court of Appeals has jurisdiction to hear appeals from interlocutory orders that deny injunctions. 28 U.S.C. § 1292(a)(1). District Court treatment of a motion for preliminary injunction that has the practical effect of denying the injunction is immediately appealable. *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 533 (5th Cir. 2024) (if district court's action or inaction "has the 'practical effect' of granting or denying an injunction, it should be treated as such for purposes of appellate jurisdiction"); *Clarke v. Commodity Futures Trading Comm'n*, 74 F.4th 627, 635 (5th

Cir. 2023) (appellate jurisdiction present when the district court's actions "while not explicitly denying a preliminary injunction, nonetheless ha[ve] the practical effect of doing so and might cause irreparable harm absent immediate appeal") (internal quotations omitted); *see also* Order Denying Motion to Dismiss Appeal, ECF No. 47, *Space Expl. Tech. Corp. v. NLRB*, No. 24-40315 (5th Cir. May 3, 2024). "It's generally understood that a motion for preliminary injunctive relief generally 'must be granted *promptly* to be effective,' so if a district court does not timely rule on a preliminary-injunction motion, it can effectively deny the motion." *Fort Worth Chamber*, 100 F.4th at 533 (emphasis in original) (internal citation omitted). Context informs whether the district court has acted promptly in a ruling on a motion for injunctive relief. *Id.* at 534.

The Court has effectively denied Amazon's Motion for Temporary Restraining Order and Preliminary Injunction. Amazon filed its Motion on September 10, 2024. ECF No. 10. In it, Amazon explained that on August 29, 2024, Defendant National Labor Relations Board ("NLRB") issued a decision denying Amazon's Request for Review in Case 29-RC-288020. *Id.* at 5. Because of that recent denial, Amazon expects that the NLRB will issue an order in a related administrative proceeding, Case 29-CA-310869, granting Defendant Abruzzo's motion for summary judgment in the imminent future. *Id.* at 6-7. The NLRB has provided Amazon until September 27, 2024, to file a supplemental filing in Case 29-CA-310869. After that deadline, nothing will stop the Board from issuing a final order in that proceeding. *Id.* Should the Board be permitted to issue an order in Case 29-CA-310869, it moots Amazon's entire Motion for Temporary Restraining Order and Preliminary Injunction and will prevent Amazon from being able to seek appellate relief regarding its claims asserted in its Motion. Rather, it will have to suffer the irreparable harm of having gone through a proceeding before Board Members that are unconstitutionally protected from removal by the President of the United States, and then trying to appeal the injury after the fact. The bell

will have been rung, a decision will have been issued, and this simply cannot be undone. This is the irreparable injury that Amazon is seeking to prevent in the first place. To avert the Board from mooting Amazon's Motion for Temporary Restraining Order and Preliminary Injunction, Amazon requested several times (on or around September 6, 2024, September 24, 2024, and September 26, 2024) that the Board stay the underlying administrative proceedings in Case 29-CA-310869, but it has refused.

Despite the Board's imminent ruling in Case 29-CA-310869—which could occur at any time after today—the Court has not issued a ruling on the request for a preliminary injunction or a temporary restraining order. Under Fifth Circuit precedent, the Court's failure to rule on the motion for temporary restraining order and preliminary injunction has effectively denied the motion. Amazon now notices this appeal of that effective denial.

Dated: September 27, 2024

Respectfully submitted,

**HUNTON ANDREWS KURTH LLP**

*/s/Amber M. Rogers*
Amber M. Rogers
TX State Bar No. 24056224
arogers@huntonak.com
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Telephone: 214-979-3000

Kurt G. Larkin
*Pro hac vice admitted*
klarkin@huntonak.com
Riverfront Plaza, East Tower
951 East Byrd Street, Suite 700
Richmond, VA 23219
Telephone: 804-788-8200

**ATTORNEYS FOR AMAZON.COM SERVICES LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document was electronically filed through the court's e-filing system, which will distribute the document to counsel for all parties, on this 27th day of September 2024.

*/s/Amber M. Rogers*
Amber M. Rogers

056186.0000010 DMS 308511977v6