**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| AMAZON.COM SERVICES LLC, *Plaintiff* | § | |
| -vs- | § | SA-24-CV-01000-XR |
| NATIONAL LABOR RELATIONS BOARD, A FEDERAL ADMINISTRATIVE AGENCY; JENNIFER ABRUZZO, IN HER OFFICIAL CAPACITY AS THE GENERAL COUNSEL OF THE NATIONAL LABOR RELATIONS BOARD; LAUREN MCFERRAN, IN HER OFFICIAL CAPACITY AS THE CHAIRMAN OF THE NATIONAL LABOR RELATIONS BOARD; MARVIN E KAPLAN, IN THEIR OFFICIAL CAPACITIES AS BOARD MEMBERS OF THE NATIONAL LABOR RELATIONS BOARD; GWYNNE A WILCOX, IN THEIR OFFICIAL CAPACITIES AS BOARD MEMBERS OF THE NATIONAL LABOR RELATIONS BOARD; AND DAVID M PROUTY, IN THEIR OFFICIAL CAPACITIES AS BOARD MEMBERS OF THE NATIONAL LABOR RELATIONS BOARD; *Defendants* | § | |

**ORDER ON MOTION TO TRANSFER VENUE**

On this date, the Court considered Defendants' opposed motion to transfer venue. After careful consideration of Defendants' motion to transfer venue (ECF No. 11), the Plaintiff's response (ECF. No 16), and the party's arguments at the hearing on September 24, 2024, the Court issues the following order.

## BACKGROUND

On September 5, 2024, the Plaintiff Amazon.com Services LLC ("Amazon") brought this case against Defendants National Labor Relations Board ("NLRB"), NLRB General Counsel Jennifer Abruzzo ("Abruzzo"), NLRB Chairperson Lauren McFerran ("McFerran"), Board Member Marvin Kaplan ("Kaplan"), Board Member Gwynne Wilcox ("Wilcox"), and Board Member David M. Prouty ("Prouty") (McFerran, Kaplan, Wilcox, and Prouty, collectively, "Board Members") seeking declaratory relief and an injunction against Defendants from pursuing administrative proceedings against the Plaintiff in NLRB Cases 29-CA-310869 and 29-RC-288020. ECF No. 1. The NLRB is an administrative agency of the United States with its Headquarters in Washington, D.C. ECF No. 1 at ¶ 12.

The events in this case began in New York. On December 22, 2021, the Amazon Labor Union ("ALU") filed a petition seeking to represent over 8,000 employees working at Amazon's JFK8 Fulfillment Center located in Staten Island, New York (NLRB Case 29-RC-288020 ("Certification Case")). ECF No. 1 at ¶ 19. In March 2022, an election was conducted at the JFK8 facility (supervised by the NLRB Region 29 Office in Brooklyn, New York) which resulted in the ALU winning the election with 2,654 ballots cast for the ALU and 2,131 ballots cast against the ALU. *Id.*

In addition to the NLRB election case at the core of this lawsuit, the NLRB moved for a temporary injunction against the Plaintiff in the Eastern District of New York on March 17, 2022, based on an unfair labor practice ("ULP") charge. ECF No. 15 at n.3. The EDNY matter centered on unfair labor practice charges filed against Amazon prior to the successful union certification. *Id.* ¶ 31.[1]

[1] Amazon asserts that the refusal to bargain is a "technical" refusal that is undertaken to obtain judicial review of the representation case (RC-288020). *Id.* ¶ 29.

While the Plaintiff acknowledges that the subject of the EDNY dispute was not directly related to the election, it asserts that the timing of when the temporary injunction was brought affected the election. Id. ¶ 21. The EDNY's decision in that case was appealed to the Second Circuit Court of Appeals where it has since been disposed of. ECF No. 15 at 5 n.3.

Following the election, Amazon filed objections with the NLRB Region 29 office in New York alleging a variety of inappropriate actions by the ALU and NLRB Region 29. ECF No. 1 at ¶ 20, 21. On April 14, 2022, Amazon's objections were transferred, based on Amazon's request[2], to the NLRB Region 28 office in Phoenix, Arizona for processing. *Id.* ¶ 22, ECF No. 15 at 5. The Region 28 office covers Arizona, New Mexico, Nevada, and three counties in West Texas. *See* ECF No. 11 at 5, n.3.

A Region 28 Hearing Officer conducted hearings in Phoenix[3] in June and July of 2022 and issued a report in September 2022 recommending all of Amazon's objections be overruled. ECF No. 1 at ¶ 25. Amazon promptly filed 893 exceptions to the report, along with a supporting brief. *Id*. On January 11, 2023, the Region 28 Regional Director affirmed the Hearing Officer's report and certified the ALU as the bargaining representative of the Amazon JFK8 facility. *Id*. ¶ 26.

On February 9, 2023, Amazon challenged the Region 28 Regional Director's decision and certification by filing a Request for Review with the NLRB. *Id.* That review was denied by the NLRB in Washington D.C[4].

On July 12, 2023, the NLRB Region 29 (NY) Regional Director issued a complaint in the ULP Case alleging Amazon refused to collectively bargain with the ALU as the exclusive representative of the JFK8 employees. ECF No. 1 at ¶ 32. On August 23, 2023, Defendant Abruzzo

---

[2] While Plaintiff did seek the transfer of the objections for processing outside of Region 29, the decision on where to transfer the objections was made by Defendant Abruzzo. ECF No. 1 at ¶ 22.
[3] ECF No. 29 at 17.
[4] ECF No. 1 at ¶ 12 (stating NLRB is headquartered in Washington D.C.).

moved to transfer the ULP Case to the NLRB and for Summary Judgment. *Id*. ¶ 33. On the same date, the NLRB transferred CA-310869 to itself and issued Amazon a Notice to Show Cause as to why Defendant Abruzzo's motion for Summary Judgment should not be granted. *Id*. Defendant Abruzzo's motion for summary judgment seeks a finding that Amazon has unlawfully refused to bargain under Section 8(a)(5) of the NLRA and an order directing the Plaintiff to recognize and bargain with the ALU as the exclusive collective bargaining representative of the JFK8 hourly employees. *Id*. Defendant Abruzzo has also requested the Board issue some form of make-whole remedies against Amazon because they did not have the opportunity to engage in collective bargaining from 2021 to the present. *Id*.

On September 14, 2023, Amazon responded to Defendant Abruzzo's Motion for Summary Judgment by filing an Opposition to the Motion for Summary Judgment, a Response to the Notice to Show Cause, and a Cross Motion for Summary Judgment with the NLRB. *Id*. ¶ 34.

On August 29, 2024, the NLRB denied Amazon's request for review in RC-288020. *Id*. The following day, the NLRB issued a second Notice to Show Cause permitting Amazon and the NLRB to file new or supplemental responses to the August 2023 Notice to Show Cause arguing why Defendant Abruzzo's Motion for Summary Judgment should not be granted. *Id*. ¶ 36. The NLRB set a response date of September 13, 2024, that has since been extended to September 27, 2024. ECF No. 11 at 6, ECF No. 29 at 12–13. After the Board issues the decision on the Motion for Summary Judgment, both parties will have the opportunity to appeal the ruling with a Circuit Court of Appeals. ECF No. 29 at 15.

As detailed above, Amazon filed this request for declaratory relief and enjoinder against the Defendants on September 5, 2024. ECF. No. 1. Shortly thereafter (September 10), Amazon

filed a motion seeking a Temporary Restraining Order and Preliminary Injunction (ECF No. 10) and the Defendants filed an opposed motion to transfer venue. ECF No. 11.

On September 19, 2024, the Defendants filed a response to Plaintiff's motion seeking a Temporary Restraining Order (ECF. No 15) and Amazon filed its response to the Defendant's Motion to Transfer Venue. ECF No 16.

## DISCUSSION

### I. Legal Standard

Venue in civil actions against federal officers and agencies is governed by 28 U.S.C. § 1391(e). The statue provides venue is proper where "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . or (C) the plaintiff resides." 28 U.S.C. § 1391(e).

If a district court finds venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Rule 12(b)(3) and § 1406(a) allow dismissal only when venue is "wrong" or "improper." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S. Ct. 568, 577 (2013). "The decision whether to dismiss or transfer the case under § 1406(a) lies within the discretion of the Court." *Clemons v. WPRJ, LLC*, 928 F. Supp. 2d 885 (S.D. Tex. 2013) (citing *Dubin v. United States*, 380 F.2d 813, 815 (5th Cir. 1967)).

There is a split in the federal courts regarding which party bears the burden of proof when venue is challenged. Courts in the Fifth Circuit have held that the burden of proof is often imposed on the plaintiff once a defendant has objected to the plaintiff's forum choice. *See, e.g., Umphress v. Hall*, 479 F. Supp. 3d 344, 348 (N.D. Tex 2022); *Broadway Nat'l Bank v. Plano Encryption Techns., LLC*, 173 F. Supp. 3d 469, 473 & n.2 (W.D. Tex. 2016); *Graham v. Dyncorp Intern., Inc.*,

973 F. Supp. 2d 698, 700 (S.D. Tex. 2013); *Asevedo v. NBC Universal Media, LLC*, 921 F. Supp. 2d 573, 589 (E.D. La. 2013); *EnviroGLAS Products, Inc. v. EnviroGlas Products, LLC*, 705 F. Supp. 2d 560, 566 (N.D. Tex. 2010). The Court is of the opinion that these cases are persuasive. "To hold otherwise would circumvent the purpose of the venue statues—it would give plaintiffs an improper incentive to attempt to initiate actions in a forum favorable to them but improper as to venue." *Seariver Mar. Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 458 (S.D. Tex. 1996) (quoting *Delta Airlines, Inc, v. W. Conference of Teamsters Pension Tr. Fund*, 722 F. Supp. 725, 727 (N.D. Ga. 1989)). A recent Fifth Circuit decision held that when determining whether a case should be transferred to another venue under the factors provided in 28 U.S.C. 1404(a), the movant bears the burden to establish good cause for transfer. *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (citing *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) . Regardless of who carries the burden, it has not been met here.

## II. Analysis

As an initial matter, the Court recognizes that the Plaintiff is seeking a Temporary Restraining Order and Preliminary Injunction (ECF No. 1) while the Defendants are requesting a Transfer of Venue. ECF No 10. District Courts have the discretion to respond immediately to a defendant's plea to determine whether a suit is brought in the appropriate venue "and need not take up first any other threshold matter." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp*., 549 U.S. 422, 425 (2007). Accordingly, the Court will address the Defendant's Motion to Transfer Venue first and then address the Plaintiff's Motion for a Temporary Restraining Order.

### A. Motion to Transfer Venue

In civil actions where the defendants are officers or employees of the United States, venue is proper in any judicial district in which: (1) a defendant in the action resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) the plaintiff resides if no real property is involved in the action. 28 U.S.C. § 1391(e)(1).

Neither the Defendants nor the Plaintiff contend that they reside in this district. ECF No. 1 at ¶ 11–12 (stating Amazon is a resident of the state of Washington and all NLRB Defendants reside in Washington, D.C.). As a result, the Court addresses whether a substantial part of the events occurred in this division.

Plaintiff makes three arguments as to why venue is proper in this district under Section 1391(e)(1)(B). ECF No. 16 at 3–11. None are persuasive and instead speculate about future events that have not *occurred*.

First, Plaintiff contends that venue is proper because the NLRB seeks to create venue on a future Board Decision that Amazon believes will be overbroad. ECF. No. 16 at 3. Amazon contends that the current NLRB complaint is broadly worded and would allow the Board to enforce remedies against Amazon all over the country to include all 40 Amazon facilities operating in Texas. *Id*. Amazon argues that if the Board is allowed to impose broad and unlawful remedies then Amazon will be harmed. *See id.* at 3–4. Amazon further asserts that the broad and unlawful remedies the Board seeks to impose "give rise to the claims underlying the lawsuit and supporting venue." ECF No. 15 at 4. The Plaintiff's claims are too speculative. Section 1391(e)(1)(B) provides that venue is appropriate when a "substantial part of the events or omissions giving rise to the claim *occurred*." (emphasis added). The statute does not provide for future events that may or may not occur. *Cf. Seariver Maritime Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 459 (S.D. Tex. 1996) (rejecting venue based on claimed possibility of future injury in the district). Here the

Plaintiff's assertions are not compatible with the provisions of the statute and therefore the Plaintiff's arguments fail to establish venue under the first argument.

Second, the Plaintiff argues that venue is proper in this Court because Abruzzo seeks relief that would burden Amazon in this District. ECF No. 16 at 3. Amazon argues that Abruzzo intends to seek an order to provide legal remedies for four former JFK8 employees who now live and work in Texas. *Id*. at 4. Amazon contends that the Board agrees with Abruzzo, *future* Board efforts to implement *future* relief for those four employees would happen here and thereby create a substantial connection to the district. *Id*. The Court fails to see how future events that have not occurred nor may occur at all and that apply only to four employees in Texas meet § 1391's requirement of acts that are *substantial* and have *occurred*.

Amazon contends that the "imposition of remedies and burdens against [a] plaintiff in the forum constitutes a substantial connection." *Career Colleges & Sch. of Texas*, 2023 WL 2975164, at *2 (N.D. Tex. April 17, 2023) (citing *Umphress v. Hall*, 479 F. Supp. 3d 344, 351–52 (N.D. Tex. 2020) (stating venue is proper under § 1391(e)(1) where "an unlawful rule imposes its burdens"). However, Amazon's reading of that holding is too liberal here. The Court in *Career Colleges* held that a "proposed final rule" pending issuance by the Department of Education would have national consequences and, as such, established a connection to the venue. *Career Colleges*, 2023 WL 2975164, at *1. Here Amazon argues to establish a substantial connection to the venue based on a future decision on a single ULP charge that *might* require Amazon to compensate four employees currently situated in Texas. ECF No. 16 at 4. Furthermore, unlike the "proposed final rule" in *Career Colleges*, the future NLRB decision Amazon contends would create the substantial burden is fully appealable via the Circuit Court of Appeals. ECF No. 29 at 15. The Court

determines that Amazon's second argument fails to establish a substantial connection and therefore establishes that venue in the Western District of Texas is improper.

Lastly, Amazon asserts that venue is proper in this Court because NLRB Region 28 whose region covers part of Texas decided one of the underlying administrative cases. ECF No. 16 at 10. In its latest filings (ECF No. 28 at 4), Amazon asserts that because a Region 28 hearing officer conducted hearings and made recommendations in the underlying representation proceedings, Region 28 "indisputably has a presence in this district." It is unclear to the Court where the hearing officer held hearings in this matter. But in any event, the deciding official was the Region 28 Regional Director, and the headquarters for Region 28 is in Phoenix, Arizona. Defendants assert that five different events (petition for processing of union election, review of objections to that election, the filing of ULP charges by Region 29, the issuance of the ULP Complaint, and the Board's consideration of the General Counsel's Motion for Summary Judgment) took place in locations outside of Texas—including: New York, Arizona, and Washington D.C. Furthermore, Defendants assert that the only administrative procedure that is still ongoing (Board's Consideration of the General Counsel's Motion for Summary Judgment) is being held in Washington, D.C. Section 1391(e)(1)(B) is instructive here as it provides venue is proper where a substantial part of the events giving rise to the claim occurred. Amazon argues that the Region 28 Regional Director's action (or inactions) are the sole reason Amazon has sued the defendants. ECF No 16 at 10. But the reason any hearing was conducted by Region 28 was because Amazon lost the JFK8 election in New York and complained that Region 29 and the ALU improperly influenced that loss by their New York activities. The fact that the Regional Director for Region 28, which is headquartered in Phoenix, Arizona, affirmed a hearing officer's denial of Amazon's 893

exceptions and upheld the union election win fails to establish venue in the Western District of Texas.

Defendants provide a more persuasive case as it is clear that any action conducted in Region 28 would not have occurred without the petition for election in New York and the Election (voted on by over 4500 individuals) that took place in New York. The Court finds that the events that occurred in New York are a substantial part of the events giving rise to Amazon's claim. Furthermore, the Court finds that the ongoing events in Washington, D.C. are also substantial as they are not closed and will ultimately provide the Plaintiff a chance at judicial review of the matter.

For the reasons stated above the Court finds that the Plaintiff has failed to establish that "a substantial part of the events or omissions giving rise to the claim" occurred in this district and as such § 1391(e)(1)(B) does not provide a basis for venue here. Accordingly, § 1406(a) dictates that the court must either dismiss the lawsuit or transfer it to a judicial district in which venue is proper. *Sean Payne v. Grayco Cable Services*, Inc. 2011 WL 13076902 *4 (E.D. Tex. Jan. 8, 2011). "Transfer is generally preferred over dismissal." *Nunes v. NBCUniversal Media*, LLC, 582 F.Supp.3d 387, 402 (E.D. Tex. 2022). Transfer of a case is often done to "prevent waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Id*. at 403.

Although, the Western District of Texas is not an appropriate venue for this lawsuit, several other districts would be appropriate. Of the possible venues, the Plaintiff has indicated that it would prefer Washington, D.C. ECF No. 29 at 39. The Defendants have indicated that they prefer the Eastern District of New York. ECF No. 29 at 38–39. Both the Plaintiff and the Defendants provided the court with an analysis of where transfer should be (or not be) under 28 U.S.C. §

1404(a). ECF No. 11 at 14 (Plaintiff), ECF No. 16 at 11 (Defendants). Analyzing these competing arguments the Court does so considering where the "substantial part" of the events giving rise to this dispute occurred. Amazon is primarily complaining that the NRLB headquartered in Washington, D.C. may improperly order relief to Amazon employees formerly working at the JFK8 facility. That dictates that the proper venue in this case is the United States District Court for the District of Columbia in Washington D.C.

B. Request for Temporary Restraining Order

Having addressed whether the venue for the lawsuit was proper, the Court now turns to the request for a Temporary Restraining Order.

Amazon seeks this relief seeking to address allegedly unconstitutional administrative proceedings. Amazon alleges the Board Members acted as prosecutors when they authorized an improper injunction to be brought against it prior to the March 2022 election. ECF No. 1 at 1. Amazon complains that the irregular litigation interfered with the employees' right to a free and fair choice. *Id*. Amazon further complains that the same Board Members that acted as prosecutors in the irregular litigation, then acted as judges when they denied review of the objectionable conduct, "for which they were responsible." *Id*. at 2. Amazon complains that absent intervention, "Defendants will sit in judgment of a pending NLRB complaint against Amazon for refusing to bargain." *Id*. Amazon claims that the NLRB's actions "violate bedrock constitutional principles of separation of powers, denies Amazon due process, and ultimately robs employees of the right to vote in free and fair elections." *Id*. Amazon further alleges that NLRB Board Members occupy a dual role as accuser and decider without repercussion "because they are unconstitutionally insulated from removal by the office of the President." *Id.* Amazon states that the constitutional infirmity was recently recognized by the Waco Division of this court and another district court in

the Fifth Circuit, which enjoined similar NLRB proceedings. *Id.*[5] Amazon also complains that "Defendant Abruzzo seeks compensatory financial remedies in her case against Amazon, which are neither authorized by statute nor permitted by the Seventh Amendment absent a jury trial." *Id.*

Amazon alleges it will suffer serious and irreparable harm by being subjected to allegedly unconstitutional administrative proceedings. *Id*. Amazon alleges that the structure of the proceedings of NLRB cases "violate the United States constitution under Supreme Court and Fifth Circuit precedent." *Id*.

Under well-settled Fifth Circuit precedent, a preliminary injunction requires the movant to show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest. *Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). To determine the likelihood of success on the merits, the Court looks to the standards provided by the substantive law. *See Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 622 (5th Cir.1985). The substantive prerequisites for obtaining an equitable remedy as well as the general availability of injunctive relief are not altered by Rule 65 and depend on traditional principles of equity jurisdiction. *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 318–19 (1999). A plaintiff must satisfy all four requirements to obtain a preliminary injunction. *See Wilson v. Off. of Violent Sex Offender Mgmt*., 584 F. App'x 210, 212 (5th Cir. 2014)(mem.). Irreparable harm, the second factor, must "without question . . . be satisfied by

[5] The NLRB argues that courts outside the Fifth Circuit have rejected Amazon's arguments. ECF No. 15 at 12, ECF No. 29 at 5; *See e.g.*, *Nexstar Media, Inc. Grp. v. NLRB*, No. 4:24-CV-01415, 2024 WL 4127090 (N.D. Ohio Aug. 26, 2024); *YAPP USA Auto. Sys. v. NLRB*, No. 24-12173, 2024 WL 4119058 (E.D. Mich. Sept. 9, 2024); *Alivio Med. Ctr. v. Abruzzo*, No. 24-cv-7217, 2024 WL 4188068 (N.D. Ill Sept. 13, 2024); and *VHS Acquisition Subsidiary Number 7, Inc. v. NLRB*, No. 24-cv-02577 (D.D.C. Sept. 10, 2024).

independent proof, or no injunction may issue." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). And such harm must be "likely" and not a mere possibility. *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20. When the Government is the opposing party, the third and fourth factors of the preliminary injunction analysis—harm to other and the public interest—merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

As stated above, this Court will transfer this case to the District Court for the District of Columbia. However, this transfer will be stayed to allow Amazon an opportunity to seek review of this Order by the Fifth Circuit Court of Appeals.

As to the request for a Temporary Restraining Order, that request is denied. Amazon has failed to establish a substantial threat of irreparable harm if an injunction is not granted. It predicates its claim based on a claim that the NLRB *may* depart from precedent and require it to provide some form of compensation to employees for their lost opportunity to engage in collective bargaining. This is both speculative and unripe, and fails to account that such relief can be challenged in the Court of Appeals, District of Columbia Circuit.

Conclusion

The Defendants' motion to transfer (ECF No. 11) is GRANTED but STAYED. The Clerk's Office is directed not to transfer this case until such time as directed by the undersigned.

The parties are directed to notify the undersigned when the Fifth Circuit has ruled on the appeal of this Court's Order.

Amazon's request for a temporary restraining order (ECF No. 10) is DENIED.

It is so **ORDERED**.

**SIGNED** this 29th day of September, 2024.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE