# HUNTON

HUNTON ANDREWS KURTH LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074
TEL   804 • 788 • 8200
FAX   804 • 788 • 8218

KURT G. LARKIN
DIRECT DIAL: 804 • 788 • 8776
EMAIL: klarkin@hunton.com

HUNTON ANDREWS KURTH LLP
FOUNTAIN PLACE
1445 ROSS AVENUE, SUITE 3700
DALLAS, TEXAS 75202-2799
TEL   214 • 979 • 3000
FAX   214 • 880 • 0011

AMBER M. ROGERS
DIRECT DIAL: 804 • 788 • 8776
EMAIL: arogers@hunton.com

October 29, 2025

**Via PACER-ECF**
The Honorable Xavier Rodriguez
U.S. District Court, Western District of Texas
U.S. District Clerk's Office
262 West Nueva Street, Room 1-400
San Antonio, Texas 78207

Re:   *Amazon.com Services LLC v. National Labor Relations Board, et al.*, Case No. 5:24-cv-01000-XR

Dear Judge Rodriguez,

This letter responds to this Court's Order of January 3, 2025, directing the parties to notify this Court when the Fifth Circuit ruled on Amazon.com Service LLC's appeal in this matter. The Fifth Circuit's mandate in that appeal issued yesterday, giving effect to the Fifth Circuit's dismissal of the appeal one week ago and returning jurisdiction to this Court.

The return of jurisdiction by the Fifth Circuit now allows this Court the opportunity to rule on Amazon's motion for preliminary injunction because the Court lacked jurisdiction to issue its September 29, 2024, Order.[1] Amazon urges this Court to do so and address all of its arguments for a preliminary injunction, particularly given intervening precedent issued by the Fifth Circuit. During Amazon's appeal, the Fifth Circuit ruled that NLRB members are unconstitutionally insulated from removal at will by the President, and that parties in proceedings before the NLRB are suffering irreparable harm that merits a preliminary injunction. *Space Expl. Techs. Corp. v. NLRB*, 151 F.4th 761 (5th Cir. 2025). Amazon's first cause of action in this case makes an identical challenge and warrants a preliminary injunction for those same reasons.

---

[1] During the pendency of Amazon's appeal, this Court issued an Order on September 29, 2024, purporting to deny Amazon's request for a temporary restraining order on the grounds that NLRB members are not unconstitutionally insulated from removal. (Dkt. 34.) Because Amazon had taken its appeal to the Fifth Circuit two days earlier, Amazon respectfully submits that the Court lacked jurisdiction to enter that Order. Accordingly, both the motion to transfer and Amazon's request for preliminary injunction and a temporary restraining order remain pending.

# HUNTON

October 29, 2025
Page 2

### A. Amazon Appealed to the Fifth Circuit Before the Court Issued its September 29, 2024 Order.

A district court loses jurisdiction over aspects of a case subject to a timely and sufficient notice of appeal. *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 536 (5th Cir. 2024). That is because a district court "does not have the power to alter the status of the case as it rests before the Court of Appeals." *Id*. (quoting *Dayton v. Indep. Sch. Dist. v. U.S. Min. Prod. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990)). An order issued absent jurisdiction is void. *United States v. Lucero*, 755 F. App'x 384, 386 (5th Cir. 2018) (citing 16A Charles Alan Wright et al., Federal Practice and Procedure § 3949.1 (4th ed. 2018)).

Amazon filed a timely and sufficient notice of appeal to the Fifth Circuit on September 27, 2024. That same day, the Fifth Circuit docketed the appeal and provided corresponding notice to this Court. Dkt. 35. Two days later, on September 29, this Court issued its Order purporting to grant Defendants' motion to transfer venue and stayed that transfer pending appellate review. Dkt. 34. In one brief paragraph, the Court denied Amazon's request for a temporary restraining order based on only one of the three substantive bases raised in Amazon's motion—the NLRB member removal issue. *Id*. at 11-13.[2]

Under binding Circuit precedent, Amazon respectfully submits that the Court lost jurisdiction to rule on Amazon's motion for temporary restraining order and preliminary injunction, as well as Defendants' motion to transfer venue once Amazon filed its notice of appeal on September 27, 2024. The appeal divested the Court of control over aspects of the case involved in the appeal. *United States v. Willis*, 76 F.4th 467, 471 (5th Cir. 2023); *United States v. Lucero*, 755 F. App'x 384, 386 (5th Cir. 2018); *Rutherford v. Harris Cnty., Tex.*, 197 F.3d 173, 190 (5th Cir. 1999). A motion to transfer venue affects the issues on appeal because, if granted, it would leave the Fifth Circuit with "no case to review." *In re Fort Worth*, 100 F.4th at 536. *Fort Worth Chamber* is directly on point—a district court cannot rule on a motion to transfer during the pendency of an appeal on an effective denial of a preliminary injunction.

### B. The Court Should Issue a Preliminary Injunction in Light of the Fifth Circuit's *SpaceX* Ruling.

Amazon respectfully submits that this Court should grant the Company's motion for preliminary injunction for all of the previously briefed reasons and, particularly, in light of the

---

[2] Amazon also sought a preliminary injunction based on Counts II and III of the Complaint, which alleged injury from the Board's violation of the Seventh Amendment by considering legal relief in the underlying unfair labor practice case, and the separation of powers issues created by conflicted NLRB members participating in the decision of that same underlying case. *See* Doc. 10 at 10–17. The Court did not address either of these independent bases for the preliminary injunction in its September 29 Order.

# HUNTON

October 29, 2025
Page 3

Fifth Circuit's decision in *SpaceX*. The *SpaceX* holding—that the employers in that appeal are likely to succeed in establishing that the NLRA's removal provisions unconstitutionally intrude on the President's removal authority, and that the employers were suffering irreparable harm from the mere existence of a proceeding before the NLRA—is binding on this Court and resolves, at least at this preliminary stage, the question of whether Amazon is entitled to a preliminary injunction. *See Space Expl. Techs. Corp.*, 151 F.4th at 778 ("[B]oth the Supreme Court and this circuit have declined to extend *Humphrey's Executor* to agencies that are not a 'mirror image' of the FTC. The NLRB's structure and powers take it outside that narrow exception. We therefore conclude that the Employers are likely to succeed on the merits of their challenge to the Board Members' removal protections.") (citation omitted).[3]

The Court should therefore grant Amazon's motion for a preliminary injunction. In the interim, Amazon asks that the Court continue the administrative stay of the NLRB proceedings put in place by the Fifth Circuit during the pendency of Amazon's appeal.

Sincerely,

*Kurt G. Larkin and Amber M. Rogers*

Kurt G. Larkin
Amber M. Rogers

---

[3] Amazon maintains that its requested relief would be appropriate under all three theories of liability asserted in its Complaint.