UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AMAZON.COM SERVICES LLC,<br>*Plaintiff*<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD, A FEDERAL ADMINISTRATIVE AGENCY; JENNIFER ABRUZZO, IN HER OFFICIAL CAPACITY AS THE GENERAL COUNSEL OF THE NATIONAL LABOR RELATIONS BOARD; LAUREN MCFERRAN, IN HER OFFICIAL CAPACITY AS THE CHAIRMAN OF THE NATIONAL LABOR RELATIONS BOARD; MARVIN E KAPLAN, IN THEIR OFFICIAL CAPACITIES AS BOARD MEMBERS OF THE NATIONAL LABOR RELATIONS BOARD; GWYNNE A WILCOX, IN THEIR OFFICIAL CAPACITIES AS BOARD MEMBERS OF THE NATIONAL LABOR RELATIONS BOARD; DAVID M PROUTY, IN THEIR OFFICIAL CAPACITIES AS BOARD MEMBERS OF THE NATIONAL LABOR RELATIONS BOARD; AND MERRICK GARLAND,<br>*Defendants* | Case No. SA-24-CA-01000-XR |

## **TRANSFER ORDER**

On this date, the Court considered the status of this case, as well as several letter briefs and notices filed by the parties. ECF Nos. 41, 44, 48, 51. After careful consideration, this case is transferred to the United States District Court for the District of Columbia.

On December 22, 2021, the Amazon Labor Union ("ALU") filed a petition with the National Labor Relations Board ("NLRB"), seeking to represent over 8,000 employees working at Plaintiff Amazon.com Services LLC's ("Amazon's") JFK8 Fulfillment Center located in Staten

Island, New York.  *Amazon.com Servs. LLC v. Nat'l Lab. Rels. Bd.*, No. SA-24-CV-01000-XR, 2024 WL 4977179, at *1 (W.D. Tex. Sept. 29, 2024) [hereinafter *Amazon I*].  The election occurred, and "a majority of the employees voted in favor of ALU." *Amazon.com Servs. LLC v. Nat'l Lab. Rels. Bd.*, 151 F.4th 221, 224 (5th Cir. 2025) [hereinafter *Amazon II*].

"The election resulted in two separate NLRB proceedings concerning the NLRB's alleged interference with the union election, Case 29-RC-288020 (the "Election Case"), and Amazon's alleged refusal to bargain with the union, Case 29-CA-318069 (the "Bargaining Case")."  *Id.*

The Election Case was transferred to NLRB Region 28, which serves parts of Texas.  *Id.*  Region 28 decided that case in ALU's favor, and the NLRB denied review.  *Id.*

The Bargaining Case was transferred from a regional office to the NLRB itself.  *Id.* at 225.  In that case, the NLRB issued a notice to show cause why summary judgment should not be granted against Amazon.  *Id.*  Amazon was given until September 13, 2024, to file supplemental opposition on the summary judgment issues.  *Id.*

On September 5, 2024, Amazon brought this suit, arguing that the structure of the NLRB proceedings was unconstitutional.  *Id.*  Amazon moved for a temporary restraining order and preliminary injunction, and Defendants filed an opposed motion to transfer venue.  *Amazon I*, 2024 WL 4977179, at *2.

This Court held a hearing on both motions on September 24, 2024.  *Amazon II*, 151 F.4th at 226.  On September 27, 2024, Amazon noticed an appeal, claiming this Court had "effectively denied" the motion for a temporary restraining order and preliminary injunction.  *Id.*

Two days later, on September 29, 2024, this Court granted the motion to transfer but stayed transfer pending appellate review.  *Amazon I*, 2024 WL 4977179, at *6.  It also denied the motion

for a temporary restraining order and preliminary injunction, finding Amazon had not established a substantial threat of irreparable harm. *Id.*

The Fifth Circuit dismissed Amazon's appeal on August 28, 2025. *See Amazon II*, 151 F.4th 221. It held that the district court had not effectively denied the motion for injunctive relief so the Fifth Circuit lacked subject-matter jurisdiction. *Id.* at 229.

Back in this Court, Amazon filed a letter brief arguing that the September 29, 2024, order was void because Amazon's appeal had divested this Court of jurisdiction. ECF No. 41. Defendants filed letter briefs in response, arguing that the order remained in effect and that the Court should effectuate transfer of this case. ECF Nos. 44, 48. Defendants also stated that the preliminary injunction issue could be decided by the transferee court. ECF No. 44 at 4; ECF No. 48 at 1. Amazon then filed a notice stating that (1) it "will not oppose reissuance of the transfer portion of" the September 29, 2024, order and (2) it "will not seek appellate review" of such "reissuance." ECF No. 51.

Because all parties have expressed either support for or lack of opposition to the transfer of this case—and for the reasons expressed in the order issued September 29, 2024, *Amazon I*, 2024 WL 4977179, at *3–5—it is **ORDERED** that this case be **TRANSFERRED** to the District of the District of Columbia.

It is **FURTHER ORDERED** that the status conference set for December 19, 2025, is **VACATED.**

It is so **ORDERED**.

**SIGNED** this 12th day of December, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE